# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FELIX NACEDO FLORES,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-05060-JLT-SAB

ORDER DENYING MOTION TO APPOINT COUNSEL, CONTINUING SERVICE DEADLINE, AND CONTINUING INITIAL SCHEDULING CONFERENCE

(ECF No. 10)

On July 1, 2026, Plaintiff, who is proceeding *pro se*, commenced this action pursuant to the Federal Tort Claims Act. (ECF No. 1.) The initial scheduling conference is scheduled for November 17, 2026. (ECF No. 4.) The Court will generally not hold an initial scheduling conference if one or more defendants have not appeared and answered. At this time, no defendant has answered, nor has Plaintiff filed a summons returned executed or other proof of service. On October 15, 2026, the Court issued an order directing Plaintiff to file a status report regarding service in this matter, including outlining the 90-day service requirement imposed by Federal Rule of Civil Procedure 4(m). (ECF No. 9.) On October 10, 2026, Plaintiff filed a motion to appoint counsel, which the Court addresses herein. (ECF No. 10.)

There is no constitutional right to appointed counsel in this action, and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, district courts evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Wilborn v. Esalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he is not fluent in English and lacks knowledge in the law and applicable proceedings. (ECF No. 10.) Plaintiff also notes that he presently resides in Mexico. (Id.) While the Court is sympathetic to the language and knowledge barriers, there is no showing that his case is exceptional or that he is unable to litigate this action on his own behalf. Indeed, to date, Plaintiff has succeeded in filing a cogent complaint, has moved to correct his address, and responded to Court orders. The Court notes that it is faced with similar cases almost daily and lacks counsel to accept these cases. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist, and here, they do not.

Accordingly, Plaintiff's motion for the appointment of counsel is DENIED, without prejudice. (ECF No. 10.)

For the benefit of Plaintiff, the Court ADVISES Plaintiff that the Court has a resource webpage for *pro se* litigants on its website.[1]

[1] https://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-litigant/

Moreover, the Court CONSTRUES Plaintiff's motion to appoint counsel as also seeking an extension of time to effectuate service. The Court GRANTS the request and ORDERS that Plaintiff shall have through **January 27, 2027**, to effectuate service. Fed. R. Civ. P. 4(m). **Should Plaintiff fail to effectuate service by this deadline, the Court will consider issuing findings and recommendations recommending that this action be dismissed without prejudice for failure to timely effectuate service.**

In light of the foregoing, the Court CONTINUES the initial scheduling conference to **March 4, 2027, at 10:00 a.m.**

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge